Rec'pt # 091383

ORIGINAL

FILED
OCT 3 0 2007
U.S. COURT OF FEDERAL CLAIMS

**In the United States Court of Federal Claims**

**Entek Mechanical Corp.**

versus

**United States of America**

CIVIL ACTION

No. 07-757 C

**Complaint**

Now into court, through undersigned counsel, comes Entek Mechanical Corp., and avers as follows:

**Parties**

1. Entek Mechanical Corp. ["EMC"], a California corporation, is the plaintiff.

2. The United States of America, through the Department of Veterans Affairs ["VA"], is the defendant.

**Jurisdiction**

3. The jurisdiction of this Court is established by virtue of the Contract Dispute Act, 41 U.S.C. § 601 *et seq.*, more particularly 41 U.S.C. § 609(a)(1), EMC being a contractor electing to bring this action on its claim within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim.

4. The jurisdiction of this Court is established by virtue of 28 U.S.C. § 1491(a)(1) & 1491(a)(2).

**Factual Background**

5. On or about June 30, 2006, EMC was awarded by the VA Contract No. VA261-C-0013 ["Contract"].

6. EMC purchased from AA Communications, Inc., a payment and performance bond, as required by the Contract and applicable laws and regulations.

7. At all times, AA Communications, Inc., acted through its officer or representative, Gwendolyn Joseph Moyo a/k/a Gwen Moyo a/k/a Gwendolyn J. Carr and through its president, James E. Zoucha.

8. EMC was informed by AA Communications, Inc., that it would submit an individual surety and that such individual surety would be lawful, adequate, and acceptable to the VA and in full compliance with all applicable laws, regulations and the terms of the Contract.

9. AA Communications procured and provided an individual surety executed by James E. Zoucha.

10. EMC paid to AA Communications the sums of $62,422.00 as premium, and $100,000 as collateral for the bond.

11. The individual surety executed by James E. Zoucha was submitted to the VA pursuant to the terms of the Contract.

12. On October 30, 2006, the VA, through its Contracting Officer, issued a Final Decision to EMC terminating the Contract "for default" on the bases that the

> bond cannot be accepted as it does not comply with FAR 28.203-1. The Affidavit of Individual Surety, Block 7(b) states that assets of $1,040,365.00 are deposited in Capital One Bank per the attached agreement. However, the agreement was not provided. In addition, the amount of assets is insufficient to cover 100% of the original contract price for both the payment bond and the performance bond.
>
> Moreover, the Affidavit of Individual Surety does not specifically identify the type of assets to be held; therefore, acceptability of assets in accordance with FAR 28.203.2 cannot be determined.
>
> As of today's date you have failed to submit the required bonds; therefore, as a result, this contract is terminated for default effective today.

13. EMC was defrauded by AA Communications, Inc., James E. Zoucha, and others.

14. Unbeknownst to EMC, AA Communications, Inc., fraudulently and without authorization from EMC, submitted an individual surety by James E. Zoucha that failed to meet the criteria established by the Contract and by applicable regulations.

15. James E. Zoucha represented in writing to the VA's Contracting Officer,

> Please be advised that I intend to fund the escrow account, once established at Capital One Bank, on behalf of EMC Mechanical with the followings [*sic*]:
>
> Cash, cash equivalents, and or U.S. Treasuries as

> authorized in the F.A.R. The bank will provide you with statements verifying the value.
>
> I intend to place on the affidavit of Individual Surety Form, the escrow account number (once I receive it from Capital One Bank) and its value.

16. Notwithstanding these representations to th VA, James E. Zoucha failed to fund or otherwise lawfully and adequately secure the individual surety that he and AA Communications led EMC to believe was lawful and adequate to secure EMC's obligations to the VA.

17. Since these unlawful actions by AA Communications, Gwendolyn Joseph Moyo, James E. Zoucha and others, on or about October 25, 2007, Gwendolyn Joseph Moyo was indicted by the United States of America, for crimes, *inter alia*, related to the unlawful issuance of payment and performance bonds to the United States government, all as set forth in the indictment issued in Criminal Action number 07-384 on the docket of the United States District Court for the Eastern District of Louisiana.

18. Since these unlawful actions by AA Communications, Gwendolyn Joseph Moyo, James E. Zoucha and others, the Commissioner of Insurance for the State of Louisiana has initiated proceedings against them, and others, seeking the recovery of the funds fraudulently converted by AA Communications, Gwendolyn Moyo,

James E. Zoucha and others, all as set forth in the matter entitled *James Donelon, Commissioner of Insurance for the State of Louisiana versus United Assurance Company, Ltd., AA Communications, Inc., James E. Zoucha, Cong Li, and Gwen Moyo* bearing number 549,569 on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

19. It was through no fault of EMC that the bond it purchased was fraudulently misrepresented by AA Communications, Inc., James E. Zoucha and others to be lawful, adequate and acceptable to the VA.

20. AA Communications and James E. Zoucha have refused to return the funds tendered to them by EMC, having converted those funds to their own use.

21. As a result of the criminal acts by AA Communications, Gwendolyn Joseph Moyo, James E. Zoucha and others, the Contract was terminated for default by the VA, which serves as an impediment to EMC obtaining further contracts with the VA and other departments or agencies of the United States government.

**Count I**
**Demand for Reclassification of Termination**

22. The VA failed to provide adequate notice of its review of the bond, or to provide an adequate opportunity to EMC to cure any possible defect with the bond, in violation of the terms of FAR 49.402-3(d) or other applicable regulations, thereby depriving EMC of its lawful rights under the applicable regulations.

23. Due to the absence of any fault on the part of EMC, and/or excusable neglect due to its being the victim of fraud or other criminal activity, and/or the VA's non-compliance with FAR 49.402-3(d) or other applicable regulations, the VA's remedy was to terminate the Contract for convenience rather than for default.

24. The VA should be directed to reclassify the termination as one of convenience and not for default, for which relief EMC prays.

25. The reclassification of the termination will permit EMC, an innocent victim of a crime, to bid for and receive future contracts with the United States of America, whereas the current classification hinders or precludes its ability to lawfully bid for and receive such contracts.

**Count II**
**Demand for Damages**

26. The VA failed to provide adequate notice of its review of the bond, or to provide an adequate opportunity to EMC to cure any possible defect with the bond, in violation of the terms of FAR 49.402-3(d) or other applicable regulations, thereby depriving EMC of its lawful rights under the applicable regulations.

27. Such failure by the VA to provide a lawfully-mandated cure notice, the termination of the Contract for default by the VA was arbitrary and capricious or otherwise without lawful cause.

28. Due to the unauthorized decision by the VA to terminate the Contract for default due to the VA's non-compliance with FAR 49.402-3(d), EMC sustained damages equal to the profit it would have earned under the Contract, namely, $75,184, for which amount EMC prays.

**Prayer for Relief**

Wherefore, Entek Mechanical Corp. prays that judgment be rendered against the United States of America as follows:

a. directing the United States of America to reclassify the termination of the Contract from termination for default

to termination for convenience, and precluding the United States of America from limiting EMC's ability to bid for or receive other contracts except as may be permitted by the circumstances and applicable law and regulations for any such bids or awards; and/or

b. awarding damages to EMC in the amount of $75,184; and/or

c. awarding any and all other relief that law, justice and equity require.

Respectfully submitted this 29th day of October 2007.

Alan D. Ezkovich
Attorney for plaintiff,
Entek Mechanical Corp.

**Ezkovich & Co., LLC**
Alan D. Ezkovich
650 Poydras Street, Suite 1220
New Orleans, Louisiana 70130
Telephone: (504) 593-9899
Facsimile: (504) 593-9048