**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENTEK MECHANICAL CORP, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-757C |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

5. Admits the allegations contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Denies.

7. Denies the allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Denies the allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegation contained in paragraph 11 that the individual surety executed by James E. Zoucha was submitted to the VA; denies the remainder of the allegations contained in paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the final decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required.; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

14. Admits the allegations contained in paragraph 14 that the surety submitted failed to meet the criteria established by the contract and by applicable regulations; deny the remainder of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in paragraph 15 to the extent supported by the writing cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. The allegations contained in paragraph 19 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegation contained in paragraph 21 that the contract was terminated for default by VA as a result of the criminal acts by AA Communications, Gwendolyn Joseph Moyo, James E. Zoucha and others. The remainder of paragraph 21 constitutes conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law, and

plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law, and plaintiff's characterization of its case to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 28, or to any relief whatsoever.

30. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk Manhardt
KIRK MANHARDT
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

February 26, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 26th day of February, 2008, a copy of the foregoing "DEFENDANT'S ANSWER " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN