**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| ENTEK MECHANICAL CORP, | ) | |
| | ) | |
| Plaintiff, | ) | No. 07-757C |
| | ) | |
| v. | ) | (Judge Horn) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT**

Pursuant to this Court's May 20, 2008 order, the United States respectfully submits this status report. The Court ordered the United States to file a status report addressing any current impediments to settlement, in particular, whether or not a no-cost termination for the convenience of the Government is a viable possibility prior to reprocurement. Based upon the following authority, the Government advises the Court that a conversion to a termination for convenience prior to reprocurement is not a viable possibility because such action could cause the agency to lose the funding appropriated for the project. Accordingly, we are not amenable to discussing the possibility of a settlement involving a conversion from a termination for default to a no-cost termination for convenience until after the contract is reawarded. As we have stated on prior occasions, in the event the contract is reawarded, the Government would be interested in exploring the possibility of settlement.

"When a government contract is terminated for default, [the Comptroller General has] consistently taken the position that the funds obligated for the original contract are available in a subsequent fiscal year to fund a replacement contract." B-232616, 68 Comp. Gen. 158, 160 (1988) (internal citations omitted). Nevertheless, while the originally obligated funds are available to fund a replacement contract when there is a termination for default, they are

generally not available where the original contract has been terminated for the convenience of the Government. B-200692, 66 Comp. Gen. 625, 626 (1987) (citing B-198074, 60 Comp. Gen. 591, 595 (1981)). Although the Comptroller General has carved out certain exceptions to this rule, which are addressed below, none of the exceptions apply to the facts of this case. See Principles of Federal Appropriations Law ("The Red Book"), United States General Accounting Office, Office of the General Counsel, Vol. I at 5-28 - 5-33 (3d ed. Jan. 2004), available at http://www.gao.gov/special.pubs.redbook1.html.

In B-198074, 60 Comp. Gen. at 595, the Comptroller General held that expired funds can be used to fund a replacement contract where, after an agency terminates a contract for default and awards a replacement contract, a court or other competent authority orders the agency to convert the termination for default to a termination for convenience. In B-232616, 68 Comp. Gen. at 162, the Comptroller General expanded this decision to include situations in which the court or other authority orders the conversion even before the replacement contract is reawarded. Use of the expired funds has been permitted in these situations because the termination for convenience is outside the agency's control. Id. The Comptroller General further extended the general rule regarding use of expired funds to fund replacement contracts to situations where the agency itself finds "explicit evidence that the award was erroneous, and where the agency documents its determinations concerning the impropriety of the original award with the appropriate findings of fact and law." B-238548, 70 Comp. Gen. 230, 232 (1991).

The Comptroller General has not, however, decided that expired funds can be used to fund a replacement contract where an agency voluntary elects to convert a termination for default to a termination for convenience for settlement purposes. Therefore, under the current rule, a

voluntary conversion by the agency in this case from a termination for default to a termination for convenience may prevent the agency from using the funds appropriated in 2005 for this contract to fund a replacement contract. Accordingly, the Government is not prepared to consider conversion from a termination for default to a termination for convenience as a viable option for settlement at this time.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Kirk Manhardt
KIRK MANHARDT
Assistant Director

s/ Dawn E. Goodman
DAWN E. GOODMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, DC 20530
Tel: (202) 616-1067
Fax: (202) 514-8624

May 29, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 29th day of May, 2008, a copy of the foregoing "STATUS REPORT " was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Dawn E. Goodman
DAWN E. GOODMAN